**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

RASHED ABDULAH UNDERWOOD,

    Petitioner,

v.                                                                       Case No. 20-cv-10223

GARY MINIARD,[1]

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY**

On January 29, 2020, Petitioner Rashed Abdulah Underwood, an inmate presently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner contests his Oakland County Circuit Court plea convictions concerning two counts of assault with intent to commit criminal sexual conduct (CSC) involving penetration, MICH. COMP. LAWS § 750.520g(1), for which he is serving concurrent prison terms of seven years and nine months to twenty years. (Id; *see* ECF No. 8.) Petitioner argues that he is entitled to a writ of habeas corpus because his plea was coerced and his attorney was not acting in his best interest. He also challenges the validity of his sentence on numerous grounds. For reasons explained below, the court will deny the petition and refrain from issuing a certificate of appealability.

_____

[1] The caption is amended to reflect the name of Petitioner's current warden. *See* Rule 2(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## I.  BACKGROUND

On August 29, 2016, Petitioner pled guilty to two counts of assault with intent to commit CSC involving penetration in exchange for the dismissal of two counts of third-degree criminal sexual conduct. (Plea Tr., ECF No. 8-2, PageID.88–89, 91–92.) The week prior, defense counsel and the prosecutor met with the trial judge to discuss the sentencing guideline scores implicated by the plea offer and the anticipated sentencing guideline range. (Id. at PageID.89–90.) The attorneys agreed the guideline range was ten to thirty-four months. (Id. at PageID.89.) At the plea hearing, defense counsel expressed Petitioner's desire to serve a jail-only sentence, acknowledging that both sex offender-registration and post-sentence probationary supervision would also apply. (Id. at PageID.90–91.)

The court reviewed the terms of the plea offer with Petitioner. (ECF No. 8-2, PageID.91.) It twice stated that it "ma[d]e no promises concerning the sentencing." (Id. at PageID.91–92.) Petitioner affirmed his understanding of that fact and that he was facing a possible maximum sentence of twenty years. (Id. at PageID.92.) The court then reviewed Petitioner's trial and related rights that he would waive with his plea, about which Petitioner again expressed his understanding. (Id. at PageID.93–94.) Petitioner's colloquy with the trial court specifically included the following exchange:

> THE COURT: Anyone force you, threaten you, or promise you anything to get you to plead, other than this plea bargain?
>
> DEFENDANT UNDERWOOD: No, sir.
>
> THE COURT: This is your choice?
>
> DEFENDANT UNDERWOOD: Yes, sir.

2

(Id. at PageID.94.) When questioned by the prosecutor to establish a factual basis for his plea, Petitioner admitted that he had committed two assaults on the complaining witness and that the assaults included the intent to commit criminal sexual conduct including penetration. (Id. at PageID.95–96.) Petitioner further admitted that his criminal record contained two prior felony convictions, thereby establishing the applicability of the third-offense habitual offender sentencing enhancement. (Id. at PageID.96.)

On November 14, 2016, Petitioner was sentenced. (Sent. Hr'g Tr., ECF No. 8-3.) Instead of the ten- to thirty-four-month sentencing range thought to apply at the time of the plea hearing, Petitioner's calculated guidelines were thirty-four to one hundred months. (Id. at PageID.104.) Petitioner requested to be sentenced at the bottom of his guidelines, apologizing and expressing remorse for his conduct. (Id. at PageID.106.) He further sought to talk to the judge, and the court recessed briefly. (Id. at PageID.108.) Proceedings reconvened, at which time a sidebar was held between counsel and the judge. (Id.) Defense counsel moved to adjourn the sentencing, citing "misunderstandings," and, because Petitioner was shocked by the guideline range, suggested a motion to withdraw his plea might be appropriate. (Id.) Counsel explained Petitioner's surprise was over the scoring of his prior record variables (PRVs). (Id. at PageID.109.) The court was unsympathetic, as the issue involved Petitioner's own record, and accordingly denied Petitioner's motion to adjourn and any motion to withdraw the plea. (Id. at PageID.110.) The court then sentenced Petitioner to concurrent prison terms of seven years and nine months to twenty years. (Id.)

Petitioner's appellate counsel subsequently moved to withdraw his plea, for correction of his pre-sentence investigation report, and for resentencing in the trial court.

3

The court denied the motions to withdraw and to resentence but permitted amendment of the PSI to remove the mention of a polygraph. (*See* Mich. Ct. App. Rec., ECF No. 8-5, PageID.157; *see also* Mot. Hr'g Tr., 6/21/2017, ECF No. 8-4, PageID.114–15.)

Petitioner then applied for leave to appeal his plea convictions to the Michigan Court of Appeals, and later the Michigan Supreme Court, arguing that his trial counsel was constitutionally ineffective and that he should be permitted to withdraw his plea because his attorney advised him he would only receive county jail time for his guilty plea and she had not acted in his best interest. (Mich. Ct. App. Rec., ECF No. 8-5, PageID.128.) He further argued that the sentencing guidelines were scored incorrectly and that his sentence was unreasonable. (Id.) Both courts denied leave in standard form orders. *People v. Underwood*, Case No. 339219 (Mich. Ct. App. Dec. 13, 2017), *lv. denied*, *People v. Underwood*, 504 Mich. 970, 933 N.W.2d 302 (2019).

A timely habeas petition followed, in which Petitioner presented the following two grounds for relief:

> I. PETITIONER IS ENTITLED TO HABEAS RELIEF WHERE STATE AND FEDERAL CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN HE WAS COERCED INTO TAKING A PLEA BECAUSE HIS ATTORNEY WAS NOT ACTING IN HIS BEST INTEREST AND TOLD HIM THAT IF HE PLED HE WOULD BE GIVEN COUNTY TIME AND PROBATION.
>
> II. PETITIONER IS ENTITLED TO HABEAS RELIEF AND RESENTENCING WHERE HIS GUIDELINES WERE MISSCORED, WERE SCORED USING JUDICIAL FACT FINDING, HIS SENTENCE IS UNREASONABLE AND THERE WERE NUMEROUS MITIGATING FACTORS SUPPORTING A LOWER SENTENCE AND WHERE TRIAL COUNSEL WAS INEFFECTIVE.

(Pet., ECF No. 1, PageID.7–8.) In a response filed December 14, 2020, Respondent countered that Petitioner's plea was knowing and voluntary and characterized as meritless Petitioner's claim of trial counsel's ineffective assistance for promising jail time

4

if he pled. (Ans., ECF No. 7, PageID.48, 59.) Respondent further argued that Petitioner's sentencing challenge was similarly without merit and was not cognizable on habeas review. (Id. at PageID.65.) On January 27, 2021, Petitioner filed a reply brief. (ECF No. 11.)

## II.  STANDARD

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000) (O'Connor, J., concurring). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

5

Rather, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation and citation omitted). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102. Pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Although section 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, a federal court may grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*. A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

"[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Harrington*, 562 U.S. at 98. Where the state court's decisions provide no rationale, the burden remains on the habeas petitioner to

6

demonstrate that "there was no reasonable basis for the state court to deny relief." *Id*. However, when a state court has explained its reasoning, that is, "[w]here there has been one reasoned state judgment rejecting a federal claim," federal courts should presume that "later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Accordingly, when the last state court to rule provides no basis for its ruling, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and apply *Ylst*'s presumption. *Id*. The "look through" rule applies whether the last reasoned state court opinion based its ruling on procedural default, *id*. at 1194 (citing *Ylst*, 501 U.S. at 803), or ruled on the merits. *Id*. at 1195 (citing *Premo v. Moore*, 562 U.S. 115, 123–133 (2011)) (other citation omitted).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id*. Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. DISCUSSION

Both the Michigan Court of Appeals and Michigan Supreme Court denied Petitioner relief in standard form orders which did not explain the reasoning for their decisions. The trial court held a hearing on Petitioner's motions to withdraw his plea, for correction of the presentence investigation report, and for resentencing. (*See* Mot. Hr'g Tr., ECF No. 8-4.) The court ruled on the motions from the bench. Accordingly, this

court will "look through" the state appellate courts' orders to the trial court's rationale and will presume that the appellate courts relied on the lower court's reasoning. *Wilson*, 138 S. Ct. at 1194–95.

### A. Involuntary Plea and Ineffective Assistance of Counsel Claims

Petitioner's first claim of error is that his plea conviction violated "due process and fundamental fairness" when he pleaded guilty based on "misinformation from his lawyer," namely, that he would receive a sentence that did not include prison time. (Pet., ECF No. 1, PageID.5.) He asserts that his guilty plea was based on his understanding he would receive a jail sentence and "would be out in approximately (9) months." (Id. at PageID.11.) Petitioner further argues trial counsel was ineffective for providing the misinformation and that he should be allowed to withdraw his plea as a result. (Id. at PageID.13.)

"A guilty plea is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances." *United States v. Young*, 75 F. App'x 402, 404 (6th Cir. 2003) (citing *Brady v. United States*, 397 U.S. 742, 748–49 (1970)). A plea is valid if "the defendant appreciated the consequences of the waiver, did so without coercion, and understood the rights surrendered." *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (citing *Brady*, 397 U.S. at 748–50). "'[A] defendant need not know all the possible consequences of his plea, . . . [but] he must be aware of the maximum sentence to which he is exposed.'" *United States v. Brown*, 391 F. App'x 524, 528 (6th Cir. 2010) (quoting *Ruelas*, 580 F.3d at 408) (alterations in original). "A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a 'heavy burden' for a

8

petitioner seeking to overturn his plea." *Spikes v. Mackie*, 541 F. App'x 637, 645 (6th Cir. 2013) (citing *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993)). A presumption of correctness attaches to the state-court findings of fact when the plea is held to be valid. *Id.* at 645–46 (citing *Garcia*, 991 F.2d at 326-27). Finally, "a defendant is bound by his statements during a plea colloquy when the district court has scrupulously followed the procedures for taking the defendant's guilty plea." *Ewing v. United States*, 651 F. App'x 405, 409 (6th Cir. 2016) (citing *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)); *accord*, *Wilson v. Fender*, No. 20-4168, 2021 WL 3642334, at *5 (6th Cir. May 11, 2021), *cert. denied*, 142 S. Ct. 404 (2021) (citation omitted).

Here, the trial court denied Petitioner's motion to withdraw his plea at a motion hearing with minimal analysis. (*See* ECF No. 8-5.) However, an explanation of the court's reasoning is not required. Instead, Petitioner must demonstrate the state court had "no reasonable basis" to deny relief. *Harrington*, 562 U.S. at 98. Petitioner has not met this burden. His only argument is that he pled based on his attorney's "misinformation" that he would serve no more than a year in jail. Yet, this argument cannot overcome the applicable plea correctness presumptions, and Petitioner has not provided the court a basis to overturn his plea conviction. Rather, the record here demonstrates that Petitioner understood the rights he was surrendering by his plea and that he was aware of the maximum sentence he faced.  (Plea Tr., ECF No. 8-2, PageID.91–94.) Immediately after the maximum sentence discussion, the state trial court twice indicated that it "ma[d]e no promises concerning the sentencing" and Petitioner twice voiced his understanding. (Id. at PageID.93–94.) Petitioner further affirmed that no other bargains existed, that no promises or threats had been made, and

9

that it was his choice to take the plea offer. (Id.) Petitioner is bound by his answers. Moreover, the record amply demonstrates that the trial court was scrupulous in its administration of the plea colloquy. Thus, the court finds that Petitioner's plea was fully informed, knowing, and voluntary, with no error on the part of the trial court.

As to Petitioner's next argument that his counsel was ineffective, the habeas court's review of a lawyer's performance is "doubly deferential." *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). The first layer of deference is the familiar deficient performance plus prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). The second layer under AEDPA asks only "whether the state court was reasonable in its determination that counsel's performance was adequate." *Abby*, 742 F.3d at 226 (citing *Burt*, 571 U.S. at 15). To prevail on an ineffective assistance claim, a habeas petitioner "must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002). Success on such claims is relatively rare because the *Strickland* standard is "'difficult to meet.'" *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013)). The "doubly deferential" standard under AEDPA requires the Court to give "both the state court and the defense attorney the benefit of the doubt." *Burt*, 571 U.S. at 15. As a result, "the question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

Petitioner cannot demonstrate his attorney was constitutionally ineffective. As to the performance prong, the initial calculation of a ten- to thirty-four-month sentencing

10

range was agreed upon by defense counsel and the prosecutor. (*See* Plea Hr'g Tr., ECF No. 8-2, PageID.89–90.) Defense counsel's request for a sentence of only county jail time was openly before the court. (Id. at PageID.90–91.) Immediately after that request, the trial court made clear to Petitioner that it was making no commitments regarding the sentencing. (Id. at PageID.92.) This record does not show a defense attorney who was misinformed or could be held responsible for Petitioner misunderstanding the lack of certitude of receiving the jail-only sentence he sought.

Regarding *Strickland*'s second prong, when counsel's "deficient performance" leads a defendant to accept a plea offer and waive trial, "the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). But Petitioner does not make this assertion. Rather, here, Petitioner continues to maintain his innocence, (Pet., ECF No. 1, PageID.2, 4), while also arguing that he should have been "afforded the benefit of his plea bargain," thereby receiving a shorter jail sentence and avoiding the Michigan Parole Board with a probationary term. (Pet., ECF No. 1, PageID.13.) In so doing, Petitioner fails to meet the burden of *Strickland*'s deficient performance prong.

In summary, the state courts' decision to reject Petitioner's motion to withdraw his plea was reasonable. Petitioner's plea was not unknowing and involuntary, defense counsel did not provide "misinformation," and her performance was not constitutionally deficient. Nor was Petitioner prejudiced by his attorney's performance. Therefore, he is not entitled to habeas corpus relief on this issue.

**B. Sentencing Challenges**

Petitioner's second ground for relief consists primarily of two sentencing challenges. First, he claims that Michigan Sentencing Guidelines Offense Variable (OV) 3—the victim's bodily injury requiring medical treatment—should have been scored at zero; second, he asserts generally that his sentence is unreasonable under *People v. Lockridge*, 498 Mich. 358 (2015), and *People v. Milbourn*, 435 Mich. 630 (1991).[2] (Pet., ECF No. 1, PageID.14–15.) He further makes three conclusory arguments. They all lack merit.

To begin, federal habeas relief is not available for errors of state law because "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). Thus, "[e]rrors in the application of state sentencing guidelines . . . cannot independently support habeas relief." *Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Habeas petitioners have "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly" in their sentence determinations. *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Therefore, a claim like Petitioner's, namely that the state trial court incorrectly scored, calculated, or applied state legislative sentencing guidelines, is not a cognizable claim for federal habeas review because it is based solely on state law. *Paris v. Rivard*, 105 F. Supp. 3d 701, 724 (E.D. Mich. 2015) (citing *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006)). As to Petitioner's "reasonableness"

---

[2] Petitioner also relies on two United States Supreme Court cases, *Rita v. United States*, 551 U.S. 338 (2007), and *United States v. Gall*, 552 U.S. 38 (2007). (ECF No. 1, PageID.14–15.) Neither case, both of which involve the Federal Sentencing Guidelines system, is applicable to Petitioner's challenge to his state conviction and sentence.

challenge, the Michigan Supreme Court has held that "reasonableness" is determined under the proportionality standards of *People v. Milbourn*, 435 Mich. 630 (1991). *People v. Steanhouse*, 500 Mich. 453 (2017). Thus, once again, Petitioner's argument relies on state law and is thus not cognizable on federal habeas review. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'") (quoting 28 U.S.C. § 2254(a)).

A very narrow exception applies to the rule that state law decisions are not cognizable in habeas: where "the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002) (citation omitted). However, "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62–63 (6th Cir. 1995) (citing *United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994)). Here, Petitioner's sentence is within the statutory limits for his offense. Assault with intent to commit criminal sexual conduct involving sexual penetration is a felony punishable by a prison term of no more than ten years. Mich. Comp. Laws § 750.520g(1). Yet, the statute governing habitual offender enhancement for a third felony conviction permits a court to "sentence the person to imprisonment for a maximum term that is not more than twice" the maximum term for a first conviction of that offense. Mich. Comp. Laws § 769.11(1)(a). Petitioner admitted to two prior felony convictions. (Plea Hr'g, ECF No. 8-2, PageID.96.) Therefore, the twenty-year maximum on Petitioner's sentence is authorized by law and does not violate his constitutional rights.

13

Finally, Petitioner included three additional sentencing challenges: the guideline variables were scored through judicial fact-finding, numerous mitigating factors supported a lower sentence, and defense counsel was ineffective. However, Petitioner does not provide any facts or argument in their support. "A habeas corpus petition containing 'conclusory allegations unsupported by specifics is subject to summary dismissal.'" *Robertson v. Eppinger*, No. 17-4107, 2018 WL 1940414, at *2 (6th Cir. Mar. 27, 2018) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)) (other citation omitted). Thus, the court need not address Petitioner's unsupported claims.

## C. Conclusion

The habeas petitioner bears the burden of demonstrating his entitlement to habeas relief. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). For the aforementioned reasons, Petitioner's state law challenge to his sentence is not cognizable on habeas review, and he has not shown a due process violation or any other error of constitutional magnitude. As such, Petitioner is not entitled to habeas corpus relief for either of his claims of error.

## IV. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (internal citation and quotation marks omitted). In this case, reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. The court will deny a certificate of appealability.

Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

                                       s/Robert H. Cleland      /
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated: January 27, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 27, 2023, by electronic and/or ordinary mail.

                                       s/Lisa Wagner         /
                                       Case Manager and Deputy Clerk
                                       (810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Staff Attorney\20-10223.UNDERWOOD.HabeasDenialCOADenial.EKL.docx